# In the United States Bankruptcy Court for the Southern District of Georgia
## Statesboro Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| JEFFREY DAVIS | ) | |
| (Chapter 13 Case 06-60150) | ) | Number 06-6009 |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| JEFFREY DAVIS | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATT GAY CHEVROLET, INC. | ) | |
| and | ) | |
| LINDA GAY | ) | |
| | ) | |
| *Defendants* | ) | |

FILED at 4 O'clock & 00 min P M
Date 11/1/06
United States Bankruptcy Court
Savannah, Georgia

### MEMORANDUM AND ORDER ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff filed his Chapter 13 bankruptcy case on April 21, 2006. He instituted this adversary proceeding against the Defendants on May 19, 2006 seeking the turnover of a 2001 Chevrolet Silverado as well as damages stemming from an alleged violation of the automatic stay. The Plaintiff has now filed a motion for summary judgment. *See* Dckt. No. 15 (August 14, 2006). A hearing on this matter was held on September 21,

AO 72A
(Rev. 8/82)

2006. After considering the evidence provided by the parties and the arguments presented, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Plaintiff went to Defendant Matt Gay Chevrolet ("MGC") in December 2004 to purchase a 2001 Chevrolet Silverado (the "vehicle"). *See* Dckt. No. 15, Ex. A (August 14, 2006)(affidavit of Plaintiff). He made a down payment of $500.00 in two installments to MGC. Id. Because the Plaintiff was unable to purchase insurance in his own name, he called a friend, Ruby Lee Young, to come and sign for the vehicle. Id. As a result, the vehicle is titled only in her name. Id.; *see also* Id., Ex. B (affidavit of Ruby Lee Young). MGC served as both the seller and financier of the vehicle. The Plaintiff has submitted to the Court eighteen receipts that evidence payments made for the vehicle. Plaintiff made thirteen of them, and Ruby Lee Young made the other five but with funds provided by the Plaintiff. Id., Ex. A. In his affidavit, the Plaintiff asserts that employees at MGC knew that although the vehicle was titled in Ruby Lee Young's name, the Plaintiff was the individual driving the vehicle, making payments on it, and purchasing insurance for it. Id. MGC has not controverted this evidence.

On May 18, 2006, after the Plaintiff's Chapter 13 case had been filed, MGC took possession of the vehicle over Plaintiff's objection and after he informed MGC's agents

that he had filed bankruptcy. Id., Exs. A and B. His attorney later called Defendant Linda Gay to advise her of the Plaintiff's pending bankruptcy case and request the return of the vehicle. This request was denied. Id., Ex. A. As a result, the Plaintiff filed the present adversary proceeding. An expedited hearing was held on May 25, 2006, where the Plaintiff requested an interlocutory injunction requiring the return of the vehicle, which this Court denied. The Plaintiff, Ruby Lee Young, Defendant Linda Gay, and David Gay, the registered agent for and owner of MGC, all attended that hearing. *See* Dckt. No. 7 (May 25, 2006).

At the September 21, 2006 hearing, due to the Defendants' lack of a timely response to this adversary proceeding's complaint, the Plaintiff requested the entry of a default judgment, which this Court denied. The Court will now address the Plaintiff's motion for summary judgement on the issue of whether the Defendants violated the automatic stay.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 of the Federal Rules of Civil Procedure

applies to motions for summary judgment in bankruptcy adversary proceedings. *See* Fed. R. Bankr. Proc. 7056. The party moving for summary judgement has the burden of demonstrating that no dispute exists as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once this burden is met, the non-moving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in a light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party.

The Defendants have not submitted any evidence to controvert the Plaintiff's evidence or a statement of material facts as to which they contend that there is no dispute. As a result, the Court will render its decision on the arguments and evidence now before it.

### CONCLUSIONS OF LAW

At both the May 25, 2006 and the September 21, 2006 hearings, the Plaintiff acknowledged that all relevant documents pertaining to the vehicle were solely in the name of Ruby Lee Young. These documents include the certificate of title, insurance policy, registration, and retail installment contract. The Plaintiff asserts, however, that he alone drove the vehicle, paid its monthly payments, and brought it in to MGC for repairs. *See* Dckt. No. 15, Ex. A (August 14, 2006). Furthermore, he claims that the employees of MGC

were aware of this arrangement between himself and Ruby Lee Young. *See* Id. Ruby Lee Young and the Plaintiff both testified as to these facts at the May 25, 2006 expedited hearing. The Defendants have not submitted any evidence or testimony that controverts the Plaintiff's characterization of the arrangement established between himself and Ruby Lee Young concerning the vehicle. A "possessory interest" has been defined to include the "present right to control property, including the right to exclude others, by a person who is not necessarily the owner." BLACK'S LAW DICTIONARY 1203 (8th ed. 2004); *see also* McKechnie v. Berg, 2003 ND 136, 667 N.W.2d 628, 632-33 (2003)("A possessory interest is the right to possess property by virtue of an interest created in the property though it need not be accompanied by title.")(citations and quotations omitted). Under these facts, there is no genuine dispute that the Plaintiff had at the least a possessory interest in the vehicle.

Under 11 U.S.C. § 541,[1] the filing of a bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). I have previously concluded that this provision of the Bankruptcy Code is sufficient to include property in which the debtor has a possessory interest. *See* Rahn v. Bank South, N.A. (In re Rahn), 1993 WL 13003874, *3 (Bankr. S.D. Ga. 1993)(citing H.R. REP. NO. 95-595, at 367-68 (1977) and S. REP. NO. 95-989, at 82-83 (1978)). Bankruptcy courts around the country have reached a similar conclusion. *See, e.g.*, In re VanZant, 210 B.R. 1011, 1016 (Bankr. S.D. Ill. 1997)("Under

---

[1] Hereinafter, all Section references are to Title 11 of the United States Code.

the Bankruptcy Code, a debtor has an 'interest in property' even if the property is fully encumbered by liens and the debtor has only an equitable or possessory interest."); In re Continental Airlines, Inc., 134 B.R. 536, 541 (Bankr. D. Del. 1991)("[Section 541(a)(1)] extends to property wherever located and by whomever held, and includes the Debtor's legal, equitable and possessory interests.")(citations and quotations omitted). Therefore, I conclude that the Plaintiff's possessory interest in the vehicle was part of his bankruptcy estate when he filed his Chapter 13 case.

As property of the estate, the vehicle was subject to Section 362, which stays any "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 587 (B.A.P. 9th Cir. 1995)("The automatic stay of Section 362 protects property of the estate in which the debtor has a legal, equitable or possessory interest."). In the present case, MGC repossessed the vehicle after the Plaintiff's Chapter 13 case had been filed and after receiving actual notice from the Plaintiff and his attorney that he claimed an interest in the vehicle. *See* Dckt. No. 15, Ex. B (August 14, 2006). At the September 21, 2006 hearing, David Gay informed the Court that the vehicle had been sold to a third party after the Court denied the Plaintiff's request for interlocutory relief at the May 25, 2006 hearing.[2] Therefore, I conclude that the Defendants willfully violated the protection

---

[2] The fact that the Defendants had knowledge of the Plaintiff's bankruptcy case precludes the Defendants from the protection of Section 542(c), which permits a party "*that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor*" to transfer property of the estate in good faith to a third party. 11 U.S.C. § 542(c)(emphasis added).

afforded by Section 362 to the Plaintiff's possessory interest in the vehicle when they elected to repossess and sell it during the pendency of the Plaintiff's Chapter 13 case. *See* 11 U.S.C. § 362(k); <u>Bishop v. U.S. Bank/Firstar Bank, N.A. (In re Bishop)</u>, 296 B.R. 890, 894 (Bankr. S.D. Ga. 2003)("A stay violation is 'willful' if a creditor has knowledge of the bankruptcy filing and deliberately acts in such a way that violates the stay.").

## **ORDER**

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Plaintiff's motion for summary judgment be GRANTED IN PART. I conclude that the Defendants are liable for violating the provisions of Section 362 of the Bankruptcy Code. As for the nature and amount of any damages that the Plaintiff may be entitled to as a result of the Defendants' actions, that issue will be tried at a date to be set by separate notice. At that hearing, the parties shall also address the merits of the Defendants' counterclaim against the Plaintiff.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 31st day of October, 2006.

AO 72A
(Rev. 8/82)

7